THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DAVID BERMAN, Appellant.

First Department, April 29, 1938.

*Edward L. Schwartz* of counsel [*Schwartz & Friesner*, attorneys], for the appellant.

*Ezekiel G. Stoddard* of counsel [*Thomas E. Dewey, District Attorney, New York County*, attorney], for the respondent.

GLENNON, J.   The defendant was convicted at Special Sessions (Mr. Justice BURLINGAME dissenting) of a violation of section 188 of the Agriculture and Markets Law and fined the sum of $100. The fine was paid.

The information upon which the conviction was based set forth that the defendant " unlawfully did knowingly deliver to one, Irene Ferguson, less of a certain commodity than the quantity represented, in that the said defendant did then and there knowingly deliver to the said Irene Ferguson a turkey weighing nine pounds and did then and there represent it to weigh ten and one-quarter pounds."

Section 188 of the Agriculture and Markets Law, in so far as it is applicable, reads as follows: " No person, with knowledge that the same is false, shall use a false weight, measure, or other apparatus, for determining the quantity of any commodity or article of merchandise, or knowingly deliver less of any such commodity or article of merchandise than the quantity he represents."

The main issue with which we are concerned on this appeal is whether the People proved delivery of the turkey within the meaning of the section.   It was not claimed on the part of the People that the scale was defective.

Irene Ferguson, an employee of the Department of Weights and Measures, on November 24, 1937, went to defendant's store on Fifty-ninth street and Second avenue in the city of New York, ostensibly for the purpose of purchasing a turkey.   In fact she had no intention of buying one.   She asked the defendant the price of turkeys and was informed by him that they were thirty-one and thirty-three cents a pound.   She then said, " Are the 31 cent turkeys alright? "   He said, " Yes."   Whereupon Mrs. Ferguson told him to pick one out and weigh it.   He selected one, placed it upon the scale, and said it would cost three dollars and twenty-five cents.   She then asked the defendant how much it weighed, and he said ten and one-quarter pounds.   An inspector named Marquardt then put the turkey upon the scale and found it weighed only nine pounds.

Mrs. Ferguson was asked on cross-examination: " Q. Did you intend to buy this turkey?   A. Well, I contend I had it in my hand. Q. Did you intend to buy the turkey and take it home with you? A. I did not intend to take it home with me.   Justice BURLINGAME:

Did you intend to buy it? The witness: No. Q. Did you give the defendant any money? A. No. Q. Did you make any offer to give him any money? A. No."

If the testimony referred to is correct, it is quite apparent that there was no delivery of the turkey within the meaning of section 188 of the Agriculture and Markets Law.

We have reached the conclusion that the judgment should be reversed, the information dismissed and the fine remitted.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Judgment unanimously reversed, the information dismissed and the fine remitted.